IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

XAVIER BECTON )
    v. ) NO. 3:16-2282
)
CORRECTIONS CORPORATION OF )
AMERICA, et al. )

TO: Honorable Waverly D. Crenshaw, Jr., District Judge

### R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered September 2, 2016 (Docket Entry No. 4), this prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is the motion to dismiss (Docket Entry No. 37) of Defendant Correct Care Solutions, LLC, to which Plaintiff has filed a response in opposition (Docket Entry No. 41). For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be GRANTED.

### I. BACKGROUND

Xavier Becton ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee. On August 26, 2016, he filed this action *pro se* and *in forma pauperis* against several Defendants seeking relief under 42 U.S.C. § 1983 based on allegations that he has been denied constitutionally adequate medical care at the TTCC. Specifically, he asserts that he has several

physical and mental health conditions for which he has been prescribed necessary medications, including anti-psychotic medication and blood pressure medication but that he has not been provided with the medications "by the medical staff at T.T.C.C." and by Sergeant Rickaway. *See* Complaint (Docket Entry No. 1) at 7 and 12. He contends that no valid reason exists for the denial of his medications and that he has suffered both physically and mentally because of the lack of medications. *Id*. at 6 and 13.

Upon initial review of the action under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e, the Court found that Plaintiff stated a colorable constitutional claim against Jonathan Rickaway, Virginia Cox, Sandra Grisham, and Anna Taylor for deliberate indifference to his serious medical needs.[1] *See* Docket Entry No. 4 at 3-4. Defendants have filed separate answers, *see* Docket Entry Nos. 20-22 and 39, and a scheduling order has been entered providing deadlines for a period of pretrial activity. *See* Docket Entry No. 43.

On September 29, 2016, subsequent to the Court's initial review, Plaintiff made a filing (Docket Entry No. 9) that was construed by the Court as a motion to amend his complaint to add Corrections Care Solutions, LLC ("CCS") as a defendant pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure. The motion was granted, and process was issued to CCS. *See* Order entered October 4, 2016 (Docket Entry No. 10). However, no actual amended complaint has been filed by Plaintiff.

---

[1] Although other defendants were also named in Plaintiff's complaint, the claims against them were dismissed upon initial review. *See* Docket Entry No. 4 at 4-5.

2

Case 3:16-cv-02282 Document 51 Filed 03/28/17 Page 2 of 7 PageID #: 224

In lieu of an answer, Defendant CCS has filed the pending motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] CCS argues that Plaintiff's factual allegations do not support a claim against it because, although he has complained about deliberate indifference by individual defendants, he has not identified a CCS policy, procedure, or custom that was the moving force behind the alleged constitutional violations. In the absence of such allegations, CCS contends that there is no basis for a claim of constitutional liability against it since it cannot be held liable merely because it employed some of the individual Defendants who provided medical care to inmates at the TTCC. *See* Memorandum in Support (Docket Entry No. 38). In response, Plaintiff reasserts the seriousness of his need for the medications and the continued problems he is experiencing in getting them from the staff at the TTCC. *See* Docket Entry No. 41. He also alleges that Defendant CCS has failed to "train/supervise" its employees and to staff the medical department with enough employees to properly administer care to inmates in all units at the TTCC and that these allegations are sufficient to show a policy or custom of Defendant CCS that supports a liability claim against it under Section 1983. *Id*. at 2-3. Also before the Court is Defendant CCS's reply to Plaintiff's response in opposition. *See* Docket Entry No. 42.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to the plaintiff.

---

[2]Because Plaintiff has not filed an actual amended complaint, CCS's motion relates to the original complaint.

*Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Although a complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. In review of the sufficiency of the complaint, the Court need not accept as true legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

### III. CONCLUSIONS

Defendant CCS's motion to dismiss should be granted. Although the Court is required to view Plaintiff's *pro se* pleadings with a measure of leniency and to construe them liberally in his favor, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), such a construction does not permit claims to proceed based upon conclusory and factually unsupported allegations. Plaintiff simply has not made factual allegations that are sufficient to state a claim for relief against CCS under 42 U.S.C. § 1983.

A section 1983 claimant must allege and show: 1) the deprivation of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014). Although CCS is a private entity, it acts under color of law and may be subject to liability under Section 1983 by virtue of the fact that it has contracted to perform the traditional state function of providing medical

services to prison inmates. *Johnson v. Karnes*, 398 F.3d 868, 876 (6th Cir. 2004); *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993).

However, a theory of *respondeat superior* will not support a Section 1983 claim against Defendant CCS, and it cannot be deemed liable under Section 1983 merely because it employs an individual who may have acted unconstitutionally. *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). In a manner similar to a Section 1983 claim brought against a municipality, *see Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691-94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a claim against CCS must be premised upon facts showing that a policy, custom, or practice of CCS caused the deprivation of Plaintiff's constitutional rights. *Street*, *supra*. *See also Starcher v. Correctional Med. Sys., Inc.*, 7 Fed.App'x. 459 (6th Cir. March 26, 2001) (applying policy requirement to private medical provider in a prison medical care case). This requires facts sufficient to show that the execution of a CCS policy or custom was the "moving force" behind the violation of the constitutional rights at issue. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *Maxwell v. Corr. Med. Servs., Inc.*, 538 Fed.App'x 682, 691 (6th Cir. 2013).

The constitutional protection at issue is Plaintiff's Eighth Amendment right to be provided with a level of medical care that is consistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In the instant action, neither the complaint nor the filing that requested to add CCS as a defendant sets forth any factual allegations showing that a policy of CCS was the moving force behind the alleged wrongdoings that form the basis for Plaintiff's claim that his constitutional right to medical care has been violated. Plaintiff alleges in his response in opposition that CCS employees are inadequately trained and supervised and that CCS provides an insufficient level of staffing at the TTCC. Plaintiff's statements of inadequate

5

Case 3:16-cv-02282   Document 51   Filed 03/28/17   Page 5 of 7 PageID #: 227

training, supervision, and staffing by CCS are conclusory only. Giving Plaintiff the benefit of maximum possible leniency, the Court has considered these allegations even though they were not made by Plaintiff in a pleading. Generally, a plaintiff may not amend his complaint by adding factual allegations as a part of a response in opposition to a motion to dismiss. *See Orea Energy Group, LLC v. East Tennessee Consultants, Inc.*, 2009 WL 3246853 at *3 (E.D. Tenn. Oct. 6, 2009) ("[T]hese allegations are nowhere to be found in the complaint. They are present only in plaintiff's briefing, and it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Even allowing Plaintiff this departure from well-established pleading requirements, his conclusory allegations are insufficient to support a claim for relief. The Court need not accept as true legal conclusions, unwarranted factual inferences, and conclusory allegations. *Maxwell*, 538 Fed.App'x at 692. As this Court has noted, "[i]n the context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted *Iqbal's* standards strictly." *Hutchison v. Metropolitan Gov't of Nashville and Davidson Cnty.*, 685 F.Supp.2d 747, 751 (M.D. Tenn. Feb. 5, 2010) (Nixon, J.) (collecting cases).

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 37) of Defendant Correct Care Solutions, LLC, be GRANTED and that this Defendant be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made.

6

Case 3:16-cv-02282   Document 51   Filed 03/28/17   Page 6 of 7 PageID #: 228

Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge